**ALBERT & HARLOW, INC., Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

**No. 47111.**

Supreme Court of Oklahoma.

March 25, 1975.

David L. Fist, J. Douglas Mann, Rosenstein, Fist & Ringold, Tulsa, for appellant.

Lester D. Hoyt, Albert D. Lynn, E. J. Armstrong, Oklahoma City, for appellee.

IRWIN, Justice:

Appellee, Oklahoma Tax Commission (Commission) assessed additional sales taxes against appellant (taxpayer) on certain personal property sold by taxpayer. Taxpayer protested the additional assessment; Commission denied the protest; and taxpayer appealed.

The only issue presented is whether the sales made by taxpayer are exempt from taxation.

Taxpayer is a dealer in heavy duty equipment and sold certain engines and generators to Parker Drilling Company (Parker). The engines and generators were delivered to Parker's fabrication facility in Oklahoma City, Oklahoma, and Parker mounted them on drilling rigs owned by it. Parker did not assemble the drilling rigs for the purpose of sale but for use in its own drilling operations.

68 O.S.1071, § 1305(*o*1) exempts from the sales tax "Sales for resale to persons regularily engaged in the business of reselling the articles * * *." 68 O.S. 1971, § 1305(*o*2), provides:

"Goods, wares, merchandise, and property sold for use in manufacturing, compounding, processing, assembling or preparing for sale *shall be classified* as having been sold for the purposes of resale or the subject matter of resale only in the event (a) such goods, wares, merchandise, or property are purchased for the purpose of being manufactured into a finished article and if it becomes a recognizable, integral part of the manufactured, compounded, processed, assembled or prepared products or * * *."

Commission, in effect, concedes that when the engines and generators were mounted on Parker's drilling rigs they became a part of a finished article (a drilling rig) and a recognizable, integral part of that drilling rig. Commission contends however, the exemption provision applies only if property is sold to a manufacturer or assembler who is engaged in the business of manufacturing or assembling a finished article for sale and the property becomes a recognizable and integral part of the finished product. Commission argues that since the engines and generators became an integral part of drilling rigs that Parker used in its drilling operations instead of drilling rigs that Parker had assembled for sale, taxpayer was not entitled to the exemption.

Taxpayer contends that if property is purchased to be manufactured or assembled into a finished article and becomes a recognizable, integral part of the finished article, then the property sold shall be classified as having been sold for resale. Taxpayer argues the statutory exemption is a clear Legislative command that when the engines and generators were assembled into the drilling rigs, they shall be treated as having been sold for resale whether

Parker assembled them for sale or for its own drilling operations.

Taxpayer construes § *o*2, supra, to mean:

"Goods sold for use in assembling a finished article are exempt from sales taxation if:

(a) the goods are purchased for the purpose of being manufactured or incorporated into a finished article, and,

(b) if the goods become a recognizable, integral part of the finished article."

We cannot sustain Taxpayer's construction of § *o*2. Sec. *o*1 exempts articles sold for resale under certain conditions. Sec. *o*2, prescribes that "Goods * * * and property sold for use in manufacturing * * * assembling or preparing for sale shall be classified as having been sold for the purpose of resale * * * only in the event (a) such goods, * * * or property are purchased for the purpose of being manufactured into a finished article and if it becomes a recognizable, integral part of the manufactured, compounded, processed, assembled or prepared products * * *."

 The statute is clear. It applies only where the goods or property are sold for use in manufacturing or assembling a finished article for sale and is not applicable if the finished article was not manufactured or assembled for sale.

Goods and property purchased for the purpose of being manufactured into a finished article (Parker's drilling rigs) and which become a recognizable, integral part of the finished article shall be classified as having been sold for the purpose of resale and exempt from the sales tax if the finished article was manufactured or assembled for sale. If the finished article were manufactured or assembled for the use of the manufacturer or assembler and not for sale, the statute does not prescribe that such goods and property shall be classified as having been sold for resale.

Parker did not purchase the engines and generators for the purpose of assembling finished articles (the drilling rigs) to sell, but to use the drilling rigs in its drilling operations. Under these circumstances, such engines and generators may not be classified as having been sold for resale and Commission correctly denied Taxpayer's protest to the additional assessment.

Order of Denial affirmed.

All the Justices concur.